24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Hamid DAVOODI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70790.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1994.*
Decided May 12, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and LEVI, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Hamid Davoodi seeks review of the Board of Immigration Appeal's ("BIA") final order denying him asylum and withholding of deportation. Davoodi concedes deportability but argues he is eligible for asylum and withholding of deportation under 8 U.S.C. Sec. 1158(a) and Sec. 1253(h)(1). The Immigration Judge ("IJ") denied such relief primarily because it found Davoodi's testimony not credible. The BIA affirmed. Davoodi argues that the BIA's decision is not supported by substantial evidence and that the IJ's credibility determination was in error.
 
 
 4
 The BIA's determination that a petitioner is not eligible for asylum "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole. It can be reversed only if the evidence presented by [petitioner is] such that a reasonable fact-finder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992) (internal quotations and citations omitted). The only evidence Davoodi presented to support his allegation that he had a well-founded fear of persecution was his testimony and a copy of a subpoena by the Iranian Government. The IJ found that Davoodi was not a credible witness and that the subpoena did "not establish [Davoodi's] claim to asylum in any meaningful way." [AR 35].
 
 
 5
 Davoodi claims the BIA and IJ erred in finding he lacked credibility. "This Court reviews the credibility findings of the BIA and the IJ for substantial evidence.... An IJ's credibility findings are given substantial deference by the reviewing court, but must be supported by a 'specific, cogent reason' for the disbelief." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992); see also Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990); Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987). "The IJ must not only articulate the basis for a negative credibility finding, but those reasons must be substantial and must bear a legitimate nexus to the finding." Aguilera-Cota, 914 F.2d at 1381.
 
 
 6
 In the instant case, the IJ stated,
 
 
 7
 I do not find the respondent to be a credible witness. I find the respondent's claim to have been actively involved two times a week over a two-year period in anti-Khomeini group to be totally lacking in credibility. I believe the respondent's alleged membership and activity with this group and his reasons for departing Iran to be a fabrication, a story that does not ring true, a story with no basis in fact.
 
 
 8
 AR 35.
 
 
 9
 The IJ based this finding on the following: 1) he found Davoodi's claim that he could tell which people did or did not support the regime solely on the basis of their clothing to be inherently unbelievable, [AR 35]; 2) much of Davoodi's testimony was speculative and dramatically inconsistent with the facts alleged in his written application for asylum, [AR 36]; 3) Davoodi's explanation of the Iranian Government's 5-month delay in attempting to question a suspected subversive was unbelievable, [AR 36]; and, 4) Davoodi's explanation of his wife's uneventful departure from Iran was inconsistent with his statement that he identified his family members to authorities during his two-day detention, [AR 36]. " 'When the [IJ] provides specific reasons for questioning a witness's credibility, this court may evaluate those reasons to determine whether they are valid grounds upon which to base a finding that the applicant is not credible.' " Aguilera-Cota, 914 F.2d at 1381 (quoting Vilorio-Lopez v. INS, 852 F.2d 1137, 1142 (9th Cir.1988)).
 
 
 10
 The first of the IJ's bases is a conclusory statement and therefore is not a valid ground upon which to base a finding that Davoodi is not credible. See id. at 1383 ("The mere statement that a petitioner is 'not entirely credible' is not enough.").
 
 
 11
 The second basis is better substantiated. [AR 5]; see Berroteran-Melendez, 955 F.2d at 1256-57 (inconsistencies and lack of detail in asylum application undermine credibility). The BIA noted that at the beginning of his hearing, Davoodi indicated that the written statements in his asylum application were accurate. [AR 5-6]. However, Davoodi's asylum application states that while in Turkey he did not apply for a visa to the United States because he lost his documents, but Davoodi testified that he applied for a tourist visa in Instanbul and his application was denied. [AR 6]. Further, Davoodi's written application states he was arrested and interrogated in 1985, but he testified that he was arrested in February 1986. [AR 6]. Finally, Davoodi testified that he was mistreated while incarcerated, but he did not mention his mistreatment in his written application. [AR 6]. Although "trivial errors do not constitute a valid ground upon which to base a finding that an asylum applicant is not credible," Aguilera-Cota, 914 F.2d at 1382, these errors are not minor inconsistencies or misrepresentations of unimportant facts. See id.; Ceballos-Castilo, 904 F.2d 519, 520 (9th Cir.1990). They therefore constitute an adequate basis for an adverse credibility determination.
 
 
 12
 In addition, the IJ's third basis for finding lack of credibility is valid. Davoodi received a subpoena from the Iranian Government, which gave him more than 5 months to appear at a prosecutor's office or he would be arrested. Davoodi's only explanation for the 5-month delay was that "the authorities wanted to lure him in by leading him to believe that his case was not a priority." [AR 5]. This is not a credible response, particularly in light of other evidence that suggests he may have been subpoenaed to serve in the military. [AR 5].
 
 
 13
 Finally, the fourth basis for the IJ's conclusion that Davoodi lacked credibility probably is not valid. Davoodi's wife left Iran one month after Davoodi left. [AR 33]. Apparently she had little trouble obtaining a tourist visa to the United States while in Turkey. [AR 33-34]. Davoodi claimed his wife had no trouble leaving Iran because the Iranian Government is not well-organized and married women use their maiden names. [AR 34]. However, Davoodi also testified that when he was detained he provided information concerning his family and relatives. [AR 31]. The IJ concluded the government presumably would have known the identity of Davoodi's wife. While this inconsistency alone is not a sufficient basis for concluding that Davoodi lacked credibility, there is otherwise substantial support for the BIA's finding that Davoodi lacked credibility. See Berroteran-Melendez, 955 F.2d at 1257. The BIA did not err in concluding there was substantial evidence to support the IJ's credibility determination.
 
 
 14
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable David F. Levi, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3